UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANTONIO SMITH, | ) |
| Petitioner, | ) ) ) |
| v. | ) No.: 3:22-CV-311-DCLC-DCP ) |
| MARTIN FRINK, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Before the Court is Antonio Smith's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1], and Respondent's motion to dismiss the petition as time-barred [Doc. 19]. Petitioner filed not filed a response to the motion, and the deadline to do so has passed [*See* Doc. 8 p. 1]. For the reasons set forth below, Respondent's motion will be granted, and the petition will be dismissed with prejudice.

I.     RELEVANT FACTUAL AND PROCEDURAL HISTORY

A Knox County jury convicted Petitioner of various drug and firearms offenses, and Petitioner was sentenced to a total effective sentence of seventy-two years in the custody of the Tennessee Department of Correction [*See* Doc. 18-2 p. 14-23, 26-28, 34-44]. The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions. *State v. Smith*, No. E2016-02130-CCA-R3-CD, 2018 WL 625123, at *6 (Tenn. Crim. App. Jan. 30, 2018), *perm. app. denied* (Tenn. Apr. 18, 2018). The Tennessee Supreme Court denied Petitioner's application for permission to appeal on April 18, 2018 [Doc. 18-16].

On October 18, 2018, Petitioner filed a pro se petition for post-conviction relief [Doc. 18-17 p. 4-9] that was later amended by appointed counsel [*Id*. at 60-61]. Following an evidentiary hearing, the post-conviction trial court denied relief [*Id*. at 68-75]. Petitioner appealed the denial

of relief to the TCCA, which affirmed the judgment of the post-conviction court. *Smith v. State*, No. E2020-00601-CCA-R3-PC, 2021 WL 1390326, at *4 (Tenn. Crim. App. Apr. 13, 2021), *perm. app. denied* (Tenn. July 13, 2021). The Tennessee Supreme Court denied Petitioner's application for permission to appeal on July 13, 2021 [Doc. 18-27].

On June 6, 2022, Petitioner submitted his § 2254 petition to prison officials for mailing [Doc. 1 p. 28]. After an initial review of the petition, this Court directed Respondent to file a response to the petition [Doc. 8]. Respondent complied with the Court's Order by filing the instant motion to dismiss [Doc. 19] and Petitioner's State-court record [Doc. 18].

## II. LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. See 28 U.S.C. § 2244(d)(2). Additionally, in "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

### III. ANALYSIS

Petitioner's conviction became "final" on July 17, 2018, which is the time Petitioner could have, but failed to, petition for a writ of certiorari in the United States Supreme Court following the Tennessee Supreme Court's April 18, 2018, denial of discretionary review on direct appeal [April 18, 2018 + 90 days = July 17, 2018]. *See Clay v. United States*, 537 U.S. 522, 527-28 (2003) (holding "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *see also* Sup. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed with Supreme Court Clerk within 90 days after entry of order denying discretionary review).

The following day, July 18, 2018, Petitioner's statute of limitations commenced, and it ran for 93 days until it was stopped by Petitioner filing his pro se petition for post-conviction relief in the trial court on October 19, 2018[1] [Doc. 18-17 p. 9]. On April 13, 2021, the TCCA entered its judgment affirming the post-conviction court's denial of relief [Doc. 18-25], and the Tennessee Supreme Court denied Petitioner's application to appeal on July 13, 2021 [Doc. 18-27]. The statute of limitations began running again on July 14, 2021, the day after the Tennessee Supreme Court

---

[1] The Court notes that Respondent argues that Petitioner's post-conviction petition was "filed" on the day it was received in the post-conviction court [*See* Doc. 20 p. 3; *see also* Doc. 18-17 p. 4]. The Court here applies the "mailbox rule," however, and finds Petitioner "filed" his post-conviction petition on the date it was presented to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

Case 3:22-cv-00311-DCLC-DCP   Document 24   Filed 02/21/23   Page 3 of 5   PageID #: 1146

denied Petitioner's application, and it continued running 272 days until it expired on April 12, 2022 [365 days – 93 days = 272 days].

Petitioner filed his federal habeas petition when he submitted it to prison officials for mailing on June 6, 2022 [Doc. 1 p. 28]. *See Houston v. Lack*, 487 U.S. 266, 273 (1988) (holding pro se prisoner's notice of appeal filed at moment of delivery to prison authorities for forwarding to district court); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (holding federal habeas application is deemed filed when handed to prison authorities for mailing). Accordingly, Petitioner's federal habeas petition was not timely filed, and the Court can consider its merits only if Petitioner establishes an entitlement to equitable tolling of the limitations period or demonstrates a "credible showing of actual innocence." *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (holding "credible showing of actual innocence" may overcome AEDPA's limitations period).

To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To demonstrate actual innocence, Petitioner must present "new reliable evidence. . . that was not presented at trial" that, when considered in conjunction with all the evidence, makes it "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 324, 327-28 (1995)).

Plaintiff has not argued nor demonstrated that he is entitled to equitable tolling of the statute of limitations, nor has he made a credible showing of actual innocence. Accordingly, the Court finds that the instant petition was not timely filed, and Respondent's motion should be granted.

4

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## V. CONCLUSION

For the reasons set forth above, Respondent's motion [Doc. 19] will be **GRANTED**, and this federal habeas petition will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                       s/Clifton L. Corker
                                       United States District Judge

5

Case 3:22-cv-00311-DCLC-DCP   Document 24   Filed 02/21/23   Page 5 of 5   PageID #: 1148